UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| FRANK E. KNIGHTEN, JR., | |
| Plaintiff, | Case No. 2:14-cv-12351 |
| | Hon. George Caram Steeh |
| vs. | |
| JOHN M. McHUGH, Secretary of the U.S. Army; UNIFIED BUSINESS TECHNOLOGIES, INC., a Michigan corporation, jointly and severally, | **PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND** |
| Defendants. | |

_____/

| | |
|---|---|
| Raymond J. Sterling (P34456) | John G. Coutilish (P40562) |
| James C. Baker (P62668) | Attorney for Defendant Unified |
| Attorneys for Plaintiff | Business Technologies |
| STERLING ATTORNEYS AT LAW, P.C. | 5700 Crooks Road, Ste. 220 |
| 33 Bloomfield Hills Pkwy., Ste. 250 | Troy, MI 48098 |
| Bloomfield Hills, MI 48304 | (248) 375-1000 |
| (248) 644-1500 | coutilish@comcast.net |
| rsterling@sterlingattorneys.com | |
| chopkins@sterlingattorneys.com | |
| jbaker@sterlingattorneys.com | |
| | |
| Laura Anne Sagolla (P63951) | |
| Assistant United States Attorney | |
| 211 W. Fort Street, Suite 2001 | |
| Detroit, MI 48226 | |
| Attorney for John M. McHugh, Secretary of the U.S. Army | |
| (313) 226-9774 | |
| laura.sagolla@usdoj.gov | |

_____/

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff Frank E. Knighten, Jr., by his attorneys Sterling Attorneys at Law, P.C., for his First Amended Complaint and Jury Demand against

defendants, submits the following:

## THE PARTIES

1. Plaintiff is an adult African-American individual residing in Detroit, Michigan.

2. Defendant John M. McHugh is the Secretary of the United States Army.

3. TACOM Life Cycle Management Command ("TACOM") is a division of the United States Army headquartered at the Detroit Arsenal in Warren, Michigan.

4. Defendant Unified Business Technologies, Inc. ("UBT") is a Michigan corporation with a principal place of business in the City of Troy, Michigan, County of Oakland.

5. TACOM and UBT each employed personnel at the Detroit Arsenal in Warren, Michigan at times relevant to this Complaint.

6. Plaintiff is a former employee of TACOM and Technical Professional Services, Inc. ("TPS").

7. Plaintiff was also an applicant for employment with TACOM and UBT, and had a right of first refusal for employment with TACOM and UBT.

8. Defendant John M. McHugh is the proper defendant for plaintiff's claims of federal sector employment discrimination and retaliation as defined

by the Age Discrimination in Employment Act, 29 USC 633a, and Title VII of the Civil Rights Act of 1964, 42 USC 2000e-16.

9. Defendant Unified Business Technologies, Inc. ("UBT") is an employer as defined by the Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq.*

## JURISDICTIONAL ALLEGATIONS

10. This Court has federal question jurisdiction under 28 USC 1331 because this action arises under the laws of the United States.

11. This Court has supplemental jurisdiction over plaintiff's state law claims under 28 USC 1367.

12. Venue is proper in this district under 28 USC 1391(a)(2) and (b)(2) because a substantial part of the events giving rise to this claim occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. Plaintiff exhausted his administrative remedies under the Age Discrimination in Employment Act, 29 USC 633a, and Title VII of the Civil Rights Act of 1964, 42 USC 2000e-16.

14. Plaintiff timely contacted an EEO counselor and timely filed an EEO complaint, DA Docket # ARTACOM13MAY01955, with TACOM's Equal Employment Opportunity Office regarding his claims.

15. To the extent plaintiff's contact with the EEO counselor was not timely, plaintiff is entitled to a waiver of the 45 day EEO counseling time limit under 29 CFR 1614.105(a)(2) and/or equitable tolling of the 45 day EEO counseling time limit.

16. Plaintiff is entitled to file civil action under 42 USC 2000e-16(c) because more than 180 days have elapsed since plaintiff filed his EEO Complaint.

## GENERAL ALLEGATIONS

**Plaintiff performs skilled welding and fabrication work for TACOM**

17. Plaintiff began working as a welder/fabricator for Technical Professional Services, Inc. ("TPS") and TACOM at the Detroit Arsenal in Warren, Michigan on or about October 17, 2011.

18. TACOM (originally an acronym for the Tank-Automotive and Armaments Command) is one of the U.S. Army's largest weapon systems research, development, and sustainment organizations.

19. TACOM manager James C. Douglas ("Douglas") directly supervised plaintiff's work at TACOM.

20. Plaintiff was a competent and hard-working employee.

21. In recognition of plaintiff's skill and expertise, Douglas encouraged plaintiff to apply for a full-time, permanent Mechanical Engineering Technician position at TACOM.

22. Douglas in fact ranked plaintiff as one of the two best candidates for the Mechanical Engineering Technician position.

23. While TACOM decided not to hire plaintiff for the Mechanical Engineering Technician position, Douglas did not inform plaintiff of this fact and kept plaintiff employed as part of his welding team at TACOM through TPS.

### Plaintiff testifies against his TACOM supervisor, James Douglas, in a EEO hearing

24. In 2012, TACOM employee Charles McLeod filed an EEO complaint with TACOM's Equal Employment Opportunity Office.

25. McLeod's EEO complaint alleged that Douglas discriminated and retaliated against McLeod for prior EEO activity.

26. On or about September 26, 2012, plaintiff provided TPS with a written statement critical of Douglas' discriminatory conduct.

27. TPS instructed plaintiff not to participate in any civil rights activity against Douglas.

28. TPS then falsely accused plaintiff of violating its code of conduct.

29. On or about October 23, 2012, plaintiff filed a Michigan Department of Civil Rights complaint against TPS alleging that TPS was harassing plaintiff due to his civil rights activities at TACOM.

30. On or about October 25, 2012, plaintiff received a notice to appear as a witness at the EEO fact-finding conference for McLeod's complaint.

31. Douglas also received the notice to appear, listing plaintiff as one of the witnesses scheduled to testify.

32. Seven days later, Douglas told TPS that he wanted plaintiff removed from his position at TACOM.

33. TPS did not inform plaintiff of Douglas' request for plaintiff's removal.

34. TPS did not remove plaintiff.

35. Plaintiff appeared and testified at McLeod's EEO fact-finding conference on November 15, 2012.

36. Plaintiff's testimony supported McLeod's claims against Douglas.

### After plaintiff testifies, TACOM stonewalls plaintiff

37. Throughout the fall of 2012, plaintiff made multiple inquiries into the status of his application for the Mechanical Engineering Technician position at TACOM.

38. TACOM ignored and evaded plaintiff's inquiries.

39. No one at TACOM would inform plaintiff as to the status of his application.

### Douglas prevents plaintiff from returning to work at TACOM

40. TPS' contract with TACOM expired on January 18, 2013.

41. Unified Business Technologies, Inc. (UBT) applied to take over TPS's contract with TACOM.

42. All TPS personnel, including plaintiff, were laid off from TACOM pending their re-hire by UBT.

43. Federal Acquisition Regulation 22.1202 gave plaintiff and the other TPS personnel the right of first refusal for positions with UBT.

44. Federal Acquisition Regulation 22.1204 required TPS and TACOM to provide UBT a list of TPS personnel who had worked on the contract.

45. TPS and TACOM did not provide plaintiff's name to UBT.

46. Douglas personally telephoned UBT's Director of Recruiting and stated that he did not want plaintiff hired back to work at TACOM.

47. On or about February 25, 2013, UBT re-called all of the laid-off TPS workers except for plaintiff.

48. Plaintiff did not know the other TPS workers had been called back to work at TACOM until a former co-worker called plaintiff to ask why plaintiff was not at work.

49. Plaintiff then called UBT to inquire why he was the only TPS worker not re-called to work.

50. Plaintiff also asked UBT to return him to work.

51. UBT informed plaintiff that Douglas told UBT not bring plaintiff back to work at TACOM.

52. The phone call to UBT was the first time plaintiff learned that Douglas did not want plaintiff working at TACOM.

### Plaintiff files an EEO complaint against Douglas

53. Following his phone conversation with UBT, plaintiff timely contacted an EEO counselor at TACOM to discuss Douglas' retaliatory conduct.

54. Plaintiff informed the EEO counselor of his belief that TACOM, and Douglas in particular, had retaliated against him for testifying in McLeod's EEO proceedings.

55. Plaintiff informed the EEO counselor that the retaliation included Douglas' refusal to allow plaintiff back to work under the UBT contract and TACOM's failure to hire him for the Mechanical Engineering Technician position.

56. A month later, after unsuccessful attempts to resolve plaintiff's complaint, TACOM's EEO office issued plaintiff a notice of his right to file a formal EEO complaint.

57. Plaintiff timely filed his EEO complaint on July 9, 2013, within 15 days of his receipt of the June 25, 2013 notice of right to file.

### TACOM ignores plaintiff's EEO complaint

58. On November 25, 2013, TACOM held a fact-finding conference on the portion of plaintiff's EEO complaint concerning Douglas' interference

with plaintiff's re-hire by UBT.

59. A report of investigation issued on January 14, 2014.

60. Plaintiff received the report of investigation on January 21, 2014 and timely requested a Final Army Decision on February 17, 2014.

61. The U.S. Army failed to issue a Final Army Decision within 60 days of its receipt of plaintiff's February 17, 2014 request as required by 24 CFR 1614.110(b).

## COUNT I
## RETALIATION – ADEA
### (against Defendant McHugh only)

62. Plaintiff incorporates the preceding paragraphs by reference.

63. Plaintiff engaged in protected activity by testifying in McLeod's EEO fact-finding conference.

64. Defendant prevented plaintiff from returning to work at TACOM under the UBT contract because of his protected activity.

65. Defendant's alleged reason for failing to hire and blackballing plaintiff is a pretext for retaliation.

66. Defendant recklessly or willfully violated plaintiff's rights under the Age Discrimination in Employment Act, 29 USC 633a ("ADEA").

67. Defendant's retaliation denied plaintiff the opportunity for continued employment and adversely affected his compensation, terms, conditions, and privileges of his employment in violation of the ADEA.

68. As a direct and proximate result of defendants' retaliatory conduct, plaintiff has suffered injuries and is entitled to:

    A. lost past and future compensation;

    B. the value of lost past and future fringe benefits;

    C. lost earning potential; and

    D. other incidental and consequential damages, including attorney fees.

## COUNT II
## RETALIATION – TITLE VII
**(against Defendant McHugh only)**

69. Plaintiff incorporates the preceding paragraphs by reference.

70. Plaintiff engaged in protected activity by testifying in McLeod's EEO fact-finding conference.

71. Defendant prevented plaintiff from returning to work at TACOM under the UBT contract because of his protected activity.

72. Defendant's alleged reasons for failing to hire and blackballing plaintiff are a pretext for retaliation.

73. Defendant recklessly or willfully violated plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 USC 2000e(16)(a) ("Title VII").

74. Defendant's retaliation denied plaintiff the opportunity for employment, continued employment, and adversely affected his compensation, terms, conditions, and privileges of his employment in violation of Title VII.

75. As a direct and proximate result of defendant's retaliatory conduct, plaintiff has suffered injuries and is entitled to:

   A.  lost compensation;

   B.  the value of lost past and future fringe benefits;

   C.  lost earning potential;

   D.  damages for humiliation, embarrassment, betrayal, and emotional distress;

   E.  other incidental and consequential damages, including attorney fees.

## COUNT III
## RETALIATION – ELLIOTT-LARSEN CIVIL RIGHTS ACT
### (against UBT only)

76. Plaintiff incorporates the preceding paragraphs by reference.

77. Plaintiff engaged in protected activity under federal and state law by testifying in an EEO fact-finding conference at TACOM.

78. Plaintiff's protected activities were a motivating factor in UBT's decision not to re-hire plaintiff to work at TACOM.

79. Defendants' alleged reason for blackballing plaintiff was a pretext for retaliation.

80. Defendants' retaliation denied plaintiff the opportunity for continued employment and adversely affected his compensation, terms, conditions, and privileges of employment in violation of the Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq*.

81. As a direct and proximate result of defendants' retaliatory conduct, plaintiff has suffered injuries and is entitled to:

   A. lost past and future compensation;

   B. the values of lost past and future fringe benefits;

   C. lost earning potential;

   D. damages for humiliation, embarrassment, betrayal, and emotional distress;

   E. other incidental and consequential damages, including attorney fees.

## COUNT IV
## RACE DISCRIMINATION – ELLIOTT-LARSEN CIVIL RIGHTS ACT
### (against UBT only)

82. Plaintiff incorporates the preceding paragraphs by reference.

83. Plaintiff's African-American race was a motivating factor in UBT's decision not to re-hire plaintiff to work at TACOM.

84. Defendants' alleged reason for blackballing plaintiff was a pretext for race discrimination.

85. Defendants' discriminatory conduct denied plaintiff the opportunity for continued employment and adversely affected his compensation, terms, conditions, and privileges of employment in violation of the Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq.*

86. As a direct and proximate result of defendants' discriminatory conduct, plaintiff has suffered injuries and is entitled to:

    A.    lost past and future compensation;

    B.    the value of lost past and future fringe benefits;

    C.    lost earning potential;

    D.    damages for humiliation, embarrassment, betrayal, and emotional distress;

    E.    other incidental and consequential damages, including attorney fees.

## COUNT IV
## RACE DISCRIMINATION – 42 USC 1981
### (against UBT only)

87. Plaintiff incorporates the preceding paragraphs by reference.

88. Plaintiff's African-American race was a motivating factor in UBT's decision not to re-hire plaintiff to work at TACOM.

89. Defendants' alleged reason for blackballing plaintiff was a pretext for race discrimination.

90. Defendants' discriminatory conduct denied plaintiff the opportunity for continued employment and adversely affected his compensation, terms, conditions, and privileges of employment in violation of 42 USC 1981, *et seq*.

91. As a direct and proximate result of defendants' discriminatory conduct, plaintiff has suffered injuries and is entitled to:

    A.    lost past and future compensation;

    B.    the value of lost past and future fringe benefits;

    F.    lost earning potential;

    G.    damages for humiliation, embarrassment, betrayal, and emotional distress;

    H.    other incidental and consequential damages, including attorney fees.

WHEREFORE, plaintiff respectfully requests that this Honorable Court enter judgment against defendants, jointly and severally, in whatever amount plaintiff is found to be entitled, together with reinstatement, interest as an element of damages, statutory interest, attorney fees, and costs.

## JURY DEMAND

Plaintiff Frank E. Knighten, Jr., by his attorneys Sterling Attorneys at Law, P.C., demands a trial by jury.

| PROOF OF SERVICE | Respectfully submitted, |
|---|---|
| I certify that on September 9, 2015, I filed the foregoing paper with the Clerk of the Court using the ECF system which will electronically send notification to Laura A. Sagolla, Esq. and John G. Coutilish, Esq.<br><br>/s/James C. Baker (P62668)<br>Sterling Attorneys at Law, P.C.<br>33 Bloomfield Hills Pkwy., Ste. 250<br>Bloomfield Hills, MI 48304<br>(248) 644-1500 | STERLING ATTORNEYS AT LAW, P.C.<br><br>By:  /s/Raymond J. Sterling<br>By:  /s/James C. Baker<br>     Raymond J. Sterling (P34456)<br>     James C. Baker (P62668)<br>     Attorneys for Plaintiff<br>     33 Bloomfield Hills Pkwy., Ste. 250<br>     Bloomfield Hills, MI 48304<br>     (248) 644-1500 |