UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK E. KNIGHTEN, JR.,

        Plaintiff,

vs.

JOHN M. McHUGH, et al,

        Defendants.
_____/

Case No. 14-CV-12351

HON. GEORGE CARAM STEEH

ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ORDER
GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
PURSUANT TO FED. R. CIV. P. 60(B)(1) AND (6) (DOC. 70)

This matter is before the court on Plaintiff's motion for relief from the order entered by this court on May 6, 2016 granting Defendants', John M. McHugh (McHugh) and Unified Business Technologies, Inc., motions for summary judgment. Plaintiff, Frank E. Knighten, Jr., brings the present motion pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6) arguing that he is entitled to relief from this court's judgment. Federal Rule of Civil Procedure 60(b) allows a party relief from judgment, order or other proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence, that, with reasonable diligence,
    could have been discovered in time to move for a new trial under
    Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic),
        misrepresentation,
    or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released or discharged; it is
    based on an earlier judgment that has been reversed or vacated; or
    applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). As an initial matter, Knighten's reliance on subsection (b)(6) is not persuasive. Subsection (b)(6) may only be used in extraordinary circumstances which are not addressed by the first five subsections of Rule 60(b). *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F. 3d 465, 468 (6th Cir. 2007). The Sixth Circuit has Court of Appeals stated that courts "must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present. The something more . . . must include unusual and extreme situations where principles of equity mandate relief." *Id.* (internal citations and quotations omitted). Knighten's does not argue that an unusual or extreme situation exists that warrants relief from judgment. For that reason, the court will limit its consideration to subsection (b)(1).

As applicable here, subsection (b)(1) offers relief when the movant establishes clear and convincing evidence of a mistake. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). This is a high bar that is

> intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.

*Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000) (quoting *Yapp v. Excel Corp.,* 186 F.3d 1222, 1231 (10th Cir.1999)).

In arguing this motion, Knighten claims that the court erred by finding 1) that Knighten knew or should have known of the Army's adverse employment decision on February 26, 2013, 2) that Defendants did not waive their timeliness defense, and 3) that equitable tolling is inappropriate here. As to the first argument, Knighten alleges

that the question of when Knighten "reasonably should have been aware" of the Army's decision is a question of fact for a jury to decide. Knighten claims that he was not informed of the Army's decision not to hire him until March 28, 2013. The EEO used March 28, 2013 in two letters to reference the date on which Knighten learned of the Army's decision. (Doc. 70-8, Pg ID 1593; Doc. 70-13, Pg ID 1609). Knighten insists that these letters are evidence that the EEO admitted this as being the correct date. The EEO, however, was merely reciting Knighten's allegations, not finding that date to be the correct date on which Knighten knew of the decision. (*See* Doc. 70-8, Pg ID 1593).

The court accurately found that Knighten knew or should have known of the Army's employment decision when he spoke with Roy Riggleman on January 26, 2013. According to Knighten's deposition testimony, Riggleman "explain[ed] to [Knighten] that he had all the names and positions filled." (Doc. 62-3, Pg ID 1461). Given that Knighten knew there were no positions available, he "reasonably should have been aware" that the Army was not going to hire him. *Lord v. Holder*, 568 F. App'x 435, 437 (6th Cir. 2014) (citing *EEOC v. United Parcel Serv., Inc.*, 249 F.3d 557, 562 (6th Cir. 2001)). At that point, the 45-day clock began running, for Knighten to contact the EEO. Knighten did not contact the EEO, and he, therefore, did not exhaust his administrative remedies.

Knighten next argues that Defendants waived their timeliness defense by not raising it before this case was filed. This argument is unpersuasive. The 6th Circuit has held that a timeliness defense is only waived if the administrative agency has previously reached a final decision in the matter.

> [W]hen an agency accepts and investigates a complaint of discrimination, as the Postal Service did in this case, it does not thereby waive a defense that the complaint was untimely. Rather, waiver occurs when the agency

decides the complaint on the merits without addressing the untimeliness defense.

*Horton v. Potter*, 369 F.3d 906, 911 (6th Cir. 2004) (internal citations omitted). Here, it is uncontested that the EEO did not reach a final decision before Knighten filed this case. (Doc. 74, Pg ID 1674). Knighten, nevertheless, argues that the court should hold that Defendants waived this defense because the EEO was delayed in issuing its final decision. The fact remains, however, that no final decision was made. This argument, therefore, fails.

Finally, Knighten argues that the court erred in determining that equitable tolling was not appropriate here. In granting Defendants' motions for summary judgment, the court held that Knighten made

> no attempt to establish facts that support the proposition that he was unaware of the time limit or was prevented from contacting the EEO despite due diligence and due to circumstances beyond his control. Additionally, as described above, it is clear that plaintiff was aware that the discriminatory matter or personnel action occurred on February 26, 2013 after his phone call with Roy Riggleman. So, tolling is not proper here.

(Doc. 68, Pg ID 1521). The Sixth Circuit Court of Appeals has established that "Rule 60(b) does not allow a defeated litigant a second chance to convince the court the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). Inasmuch as Knighten did not advance this equitable tolling argument in his response brief to Defendants' motions for summary judgment, Knighten is not permitted to maintain the argument here. Furthermore, without knowing the basis for Knighten's equitable tolling argument before issuing its order, the court could not have made a "mistake" sufficient to provide relief under Rule 60(b)(1).

IT IS ORDERED that Plaintiff's motion for relief from the order granting Defendants' motions for summary judgment pursuant to the Federal Rules of Civil Procedure 60(b)(1) and (6) is DENIED.

IT IS SO ORDERED.

Dated: August 24, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 24, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk